## Commonwealth v. Cannon

*S. B. Harris*, for petitioner.

*Merritt H. Davis*, district attorney, and *George F. Whitmer*, contra.

RIMER, J., June 2, 1936.—This defendant was convicted upon a charge of fornication and bastardy in the above-entitled case, and on March 23, 1936, was sentenced to

pay the costs of prosecution, lying-in expenses, and a maintenance charge for the infant child of $2.50 per week, and to give a bond conditioned on his compliance with the sentence, and to stand committed. Upon his default he was then committed, and has remained in the Clarion County Jail since that time.

On May 18, 1936, he filed his petition asking for a parole and release from imprisonment, the principal ground being that he was suffering from peptic ulcer of the stomach or bowels and was without means to comply with the sentence. Attached to this petition was the affidavit of two physicians, Dr. N. C. Mills, of Clarion, Pa., and Dr. J. V. Ledden, of Oil City, Pa., to the effect that imprisonment in his present condition was a hazard to the health and life of the petitioner.

At the hearing held on June 1, 1936, it appeared that notice had been given to the district attorney and to the prosecutrix as required by law.

At the hearing the physicians above named testified to examinations of the petitioner at different times and gave it as their unqualified professional opinion that imprisonment in his present condition was a distinct hazard to his life and that he required prompt special medical attention such as could not be given him in the jail, and Dr. Ledden volunteered to see that he had this attention forthwith. Private counsel for the prosecutrix and the district attorney offered no evidence to the contrary and indicated the sufficiency of the evidence offered on the part of the petitioner, provided the court had power to parole.

If such power is derived from statute it must apparently come through the Act of June 19, 1911, P. L. 1059, the last amendment thereof being the Act of May 11, 1923, P. L. 204. In a sense this is a companion act to what has been generally called the Probation Act of June 19, 1911, P. L. 1055, which provides for the suspension of sentence and probation of the defendant. It will be noted that the latter act provides that "whenever any person shall be convicted in any court of this Commonwealth of any

crime", with exceptions, being murder and other major felonies, and it does not appear that the defendant has ever before been imprisoned for crime, sentence may be suspended. On the same day the legislature passed the act under which we are proceeding, the Parole Act, and it provides that the courts of quarter sessions, etc., are authorized, after due hearing, to release on parole any convict confined in the county jail, house of correction, or workhouse of their respective districts. Then follow the procedural provisions, with authority to the court to make such order as to it may seem just and proper, with provisions as to the parole.

The courts below generally held, as will appear in Commonwealth v. Arbach, 19 D. & C. 547, that the legislative intent was clearly to read into the Parole Act the exceptions which are found in the Probation Act, including the provision that a defendant who had been imprisoned under a former charge could not take advantage of the act. But our Superior Court, in an opinion by Judge Keller, held that we are obliged to construe the Parole Act without any restrictions other than are contained within it. This was upon an appeal in the Arbach case, supra, and is reported in 113 Pa. Superior Ct. 137. In this opinion we find that very many of the errors which had crept into our practice in the trial courts are cleared up.

Coming to the act under which we are proceeding, we find the provisions of the Parole Act are sufficiently broad to include "any convict confined in the County Jail". This, by an added provision, brings in those persons who have been committed by any magistrate, alderman or justice of the peace. This being true, we have no difficulty in finding that the petitioner comes within the provisions of this act.

Under the evidence in this case, a parole of this petitioner may result in restoring his health or even in saving his life, if we are to accept the testimony of the physicians who testified. It cannot be against the interest of the

prosecutrix nor of the county. If the petitioner were to wait a few days and file his petition under the Insolvency Act he would be relieved of the payment of the costs of prosecution and the lying-in expenses and maintenance incurred up to that date. He has stated it to be his intention to assume and make these payments as soon as he is able to work. Therefore petitioner will be paroled and the following order will be made.

### Order

And now, June 2, 1936, the defendant, Joseph Cannon, is released on parole from the County Jail of Clarion County, upon the following terms and conditions:

1. He is placed in charge of and under the supervision of D. E. Elliott, probation officer, and shall report to him once each month in writing, stating the condition of his health and his place of residence and, until his recovery from his present illness, shall enclose therewith a report in writing from the physician attending him.

2. He shall not depart from the State of Pennsylvania without leave of court, except only for a period not to exceed two weeks, for the purpose of attending a clinic at the City of Cleveland, Ohio, or a clinic at such other place as shall be made known to, and permitted by, said probation officer.

3. He shall abstain from the use of all intoxicants and, if and when he shall be sufficiently recovered in health, shall at once seek and obtain reputable employment.

4. He shall pay the costs of prosecution in this case, beginning January 1, 1937, in monthly payments of $5 each.

5. Nothing in this order of release shall be deemed in any way to relieve the petitioner from the provisions of his sentence in this case relative to payments to the prosecutrix.

6. Until further order of the court, said parole shall be in existence for the term of the sentence in this case, viz., until March 22, 1943.

7. This parole is made under the provisions of the act aforesaid, whereby this court shall have power to recommit the petitioner upon violation of this parole.